UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENISE MCVEA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | No. SA:14–CV–73–DAE |
| JOSEPH SWAN, DANIEL SCOTT, | § | |
| FNU BERNAL, UNKNOWN | § | |
| OFFICER 1, SAN ANTONIO POLICE | § | |
| DEPARTMENT, | § | |
| | § | |
| Defendants. | § | |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING
PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

Before the Court are two motions to dismiss filed by Defendants

Joseph Swan and Daniel Scott (Dkt. ## 15, 24).  Additionally before the Court is

Plaintiff Denise McVea's Motion for Judicial Notice (Dkt. # 17).  The Court heard

argument on each of these motions on September 10, 2014.  Plaintiff appeared pro

se.  Mark Kosanovich, Esq., represented Defendants Swan and Scott, and Michael

Siemer, Esq., appeared on behalf of the San Antonio Police Department.  After

careful consideration of the arguments at the hearing and in the supporting and

opposing memoranda, the Court **GRANTS** Defendants Swan and Scott's Motions

to Dismiss the claims against them (Dkt. ## 15, 24) and **DENIES** Plaintiff's

Motion for Judicial Notice (Dkt. # 17).

<u>BACKGROUND</u>

Plaintiff filed her complaint on February 11, 2014, alleging that

Defendants Swan and Scott, Officer Bernal, an unknown officer, and the San

Antonio Police Department ("SAPD") violated her constitutional rights.

("Compl.," Dkt. # 5.)  Plaintiff alleges that on January 21, 2013, she held a "Martin

Luther King Day fundraiser and information event" at her place of business.  (<u>Id.</u>

¶ 9.)  Plaintiff contends that Defendants arrested her without probable cause to do

so.  (<u>Id.</u>)  Plaintiff claims that Defendants then searched her property without a

warrant and seized her "personal property."  (<u>Id.</u>)  Plaintiff asserts that these

officers conspired to violate her civil rights and that they failed to intervene to

protect her civil rights.  (<u>Id.</u>)

Plaintiff states that she was charged with violating "Sec. 16.296 – No

Yard Sale Permit" and arrested.  (<u>Id.</u> ¶ 12.)  Plaintiff argues that her arrest under

this section was improper.  (<u>Id.</u>)  Plaintiff avers that she could not have applied for

a yard sale permit because the property was a business, not her home, and yard sale

permits are only available for residences.  (<u>Id.</u>)  Plaintiff argues that she was

unconstitutionally imprisoned as a result of this.  (<u>Id.</u>)

Plaintiff next alleges that these actions were part of a pattern of "repeated and willful activity that routinely deprived Plaintiff of equal protection . . . ." (Id. ¶ 10.) Plaintiff claims that the SAPD has a policy of not requiring its officers "to understand, uphold, and be guided by substantive law." (Id. ¶ 11.) Plaintiff claims that because of this policy, "SAPD officers view the application of state law as under their personal discretion." (Id.) Plaintiff alleges that SAPD failed to properly train its officers on the application of the law and the limits of their "statutory powers." (Id.) Plaintiff states that over the course of the last four years, SAPD has falsely arrested her three times. (Id. ¶ 16.)

Plaintiff states that "Defendant municipality engaged in malicious prosecution when it pursued a criminal misdemeanor trial against her without permitting her to be seen by a magistrate." (Id. ¶ 14.)

In closing, Plaintiff also seeks redress for "violations of rights that may be protected by the laws of Texas, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claims that may be supported by the allegations of this complaint." (Id. ¶ 20.)

Plaintiff then requests the following relief: (1) "Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and loss, and any other injuries

inflicted by defendants"; (2) "punitive damages"; and (3) "such injunctive, declaratory, or other relief as may be appropriate . . . ." (Id. ¶ 21.)

On March 10, 2014, Defendants Swan and Scott filed a Motion to Dismiss Plaintiff's claims against them. (Dkt. # 15.) Plaintiff did not file a response, per se, but Plaintiff did file a "First Request for Judicial Notice" in which she asks the Court to deny Defendants Swan and Scott's Motion to Dismiss. (Dkt. # 17.) Defendants Swan and Scott construed this filing as a response to their Motion to Dismiss, and replied to it accordingly. (Dkt. # 18.) Additionally, the City of San Antonio filed a Response to Plaintiff's First Request for Judicial Notice (Dkt. # 19).

## LEGAL STANDARD

A proper pleading under the Federal Rules of Civil Procedure must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

4

In reviewing a motion to dismiss, the Court accepts as true all of the well-pleaded factual allegations in the complaint.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In order to survive a motion to dismiss, a claim must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 677.

In adjudicating a motion to dismiss, the Court considers only the pleadings and those matters of which it may take judicial notice under Rule 201 of the Federal Rules of Evidence.  Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1018–19 (5th Cir. 1996) (adopting a rule that a court in a securities fraud action may take judicial notice of relevant public disclosure documents required to be filed with the SEC); Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 747, 758 (N.D. Tex. 2012) (taking judicial notice of matters of public record and considering documents attached to a motion to dismiss as part of the pleadings because they were central to the claims in the complaint).

## DISCUSSION

I.    Plaintiff's First Request for Judicial Notice

On March 30, 2014, Plaintiff filed a First Request for Judicial Notice (Dkt. # 17).  Because the Court's decision on Plaintiff's First Request for Judicial

5

Notice is relevant to the Court's adjudication of Defendants Scott and Swan's Motion to Dismiss, the Court will address it first.

Pursuant to the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

Plaintiff asks the Court to take judicial notice of the following facts:

A.   "Texas Transportation Code states that speeding and violation of the open container law pursuant to Section 49.03 of the Texas Penal Code, are 'the only offenses for which issuance of a written notice to appear is mandatory.'  TTC 543.004(a-c).  By arresting Plaintiff for the spurious offense of not signing a code enforcement citation, the conspiring officers violated Section 543.008, which states unequivocally:  'A violation by an officer of a provision of Section 543-003–543.007 is misconduct in office and the officer is subject from removal from the officer's position.'"  (Dkt. # 17 ¶ 4 (internal citations omitted).)

B.   "Article 15.17(a) of the Code of Criminal Procedure requires that 'the person making the arrest or the person having custody of the person arrested shall without unnecessary delay but not later than 48 hours after the person is arrested, take the person before some magistrate . . . .'  Defendant's [sic] failure to present Plaintiff and their charges to magistrate while pursuing false criminal charges against her is prima facie evidence of their willful violations of Plaintiff's constitutional protections of unreasonable search and seizure."  (Id. ¶ 5.)

C.    "Texas has no misdemeanor criminal offense for the charges the
conconsipirators enumerated as rational [sic] for the illegal and
unconstitutional arrest and detention of plaintiff nor the illegal and
unconstitutional seizure of her effects. . . ." (Id. ¶ 6.)


D.    "The Bexar County justice system is under unprecedented federal
investigation for corruption (See Attachment A.)  Dismissal of this
suit with prejudice would be premature pending results of the federal
investigation referenced in Attachment A." (Id. ¶ 7.)

The Court will address each of these in turn.

A.    The Texas Transportation Code

First, Plaintiff's complaint alleges that she was arrested and charged

with violation of § 16.296 of the San Antonio Municipal Code for operating a

garage sale without a permit.  (Dkt. # 5 ¶ 12.)  Plaintiff does not allege that

Defendants charged her with any other violations.  (See id.)  Therefore, the Court

finds that these sections of the Texas Transporation Code, of which Plaintiff

requests the Court to take judicial notice, are completely irrelevant to her case.

First, Plaintiff requests the Court take notice of section 543.004 that

provides "An officer shall issue a written notice to appear if:  (1) the offense

charged is speeding or a violation of the open container law . . .and (2) the person

makes a written promise to appear in court. . . . [These offenses] are the only

offenses for which issuance of a written notice to appear is mandatory."  While this

is an accurate statement of the text of § 543.004, this section does not apply to

Plaintiff's complaint.  Plaintiff does not allege that her arrest was at all related to

transportation.  (See Compl.)  Plaintiff then alleges that officers conspired to violate this section.  (Dkt. # 17 ¶ 4.)  However, because the Court cannot find any conceivable connection between these code sections and any allegation in Plaintiff's complaint, the Court **DENIES** Plaintiff's request for judicial notice of § 543.004**.**

      B.    <u>The Code of Criminal Procedure</u>

Plaintiff next asks this Court to take judicial notice of Article 15.17(a) of the Texas Code of Criminal Procedure that requires that officers bring persons arrested under a warrant before a magistrate judge within forty-eight hours.  (Dkt. # 17 ¶ 5.)  Plaintiff has provided an accurate excerpt of Article 15.17(a); however, the Court does not need to take judicial notice of a statement of the Texas Code of Criminal procedure as that is not an adjudicative fact.

More importantly, however, the Court recognizes that Plaintiff did not plead in her Complaint that Defendants did not bring her before a Magistrate Judge within the requisite timeframe.  (See Compl.)  Additionally, the Court will not take judicial notice of Plaintiff's allegations that Defendants willfully violated her rights.  These facts are in dispute and are not the proper subject for judicial notice. Plaintiff's request for judicial notice of these facts is **DENIED.**

C.      Texas' Lack of Misdemeanor Criminal Offense for Alleged Charges

   Plaintiff's request on this point is vague; she requests that the Court take judicial notice that "Texas has no misdemeanor criminal offense for the charges the co-conspirators enumerated" as a rationale for her arrest.  (Dkt. # 17 ¶ 6.)  The Court declines to take notice of Plaintiff's blanket assertion.  Again, this is a statement of law, not an adjudicative fact, and therefore is not a proper subject for the Court to take judicial notice.  Plaintiff's request on this point is **DENIED.**

D.      Bexar County Corruption

   Finally, Plaintiff requests that this Court take judicial notice of the fact that the Bexar County justice system is "under unprecedented federal investigation for corruption."  (Dkt. # 17 ¶ 7.)  Plaintiff attaches an article referencing the federal investigation into the conduct of Al Acevedo, Jr., an attorney who is under investigation for allegedly bribing people within the criminal justice system with gifts in exchange for favors on his cases.  (Dkt. # 17, Ex. A.)  Plaintiff has not provided even a scintilla of evidence that this investigation could be related to her complaint.  Therefore, the Court **DENIES** Plaintiff's request for judicial notice of this fact.

   Because Plaintiff has either failed to demonstrate a connection between the facts for which she seeks judicial notice or only requested judicial

notice of non-adjudicative facts, the Court **DENIES** Plaintiff's First Request for Judicial Notice (Dkt. # 17).

II.   <u>Defendants Swan and Scott's Motion to Dismiss</u>

Defendants Swan and Scott have filed two motions to dismiss (Dkt. ## 15, 24), and the Court will address these motions together.

Defendants Scott and Swan first move to dismiss Plaintiff's complaint for failure to state a claim for which relief can be granted.  (Dkt. # 15.)  In her complaint, Plaintiff alleged violations of 42 U.S.C. §§ 1985, 1986, 1983, 14141; 18 U.S.C. §§ 241, 242; and Texas state law claims.  Defendants Scott and Swan allege that Plaintiff has not pled sufficient facts to survive a motion to dismiss for any of these provisions.

A.   <u>42 U.S.C. § 1985</u>

Plaintiff alleges a violation of 42 U.S.C. § 1985; however, she does not state which subpart of § 1985 she believes was violated.  (<u>See</u> Compl.) Because the only section that could conceivably relate to her Complaint is subsection 3, the Court will assume that Plaintiff asserts violations of § 1985(3). Section 1985(3) provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from

10

giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United State, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).  The Fifth Circuit maintains that § 1985(3) "requires, as an element of the cause of action, a racial or otherwise class-based invidiously discriminatory animus behind the conspirator's actions." Bradt v. Smith, 634 F.2d 796, 801 (5th Cir. 1981).  If no such animus is pled or shown, then a claim under § 1985(3) cannot survive a motion to dismiss.

Here, Plaintiff has failed to plead any animus establishing a claim under § 1985.  (See Compl.)  Additionally, Plaintiff has not pled any specifics of the alleged conspiracy or any fact that would render her claims plausible. Plaintiff's complaint contains nothing more than conclusory allegations, devoid of factual support.  Therefore, the Court **GRANTS** Defendants Swan and Scott's Motion to Dismiss this claim.

B.    42 U.S.C. § 1986

Defendants Swan and Scott next move to dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1986.  (Dkt. # 15.)

11

Section 1986 is a cause of action for "neglecting to prevent a known conspiracy under Section 1985." Hamilton v. Chaffin, 506 F.2d 904, 913 (5th Cir. 1975).   In relevant part, it provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . .

42. U.S.C. § 1986.  As stated in the statute itself, in order to establish a violation of § 1986, a plaintiff must first establish a violation of § 1985. Bradt, 634 F.2d at 801; see also Hamilton, 506 F.2d at 913.

Therefore, because this Court has dismissed Plaintiff's claim under § 1985, the Court **GRANTS** Defendants Swan and Scott's Motion to Dismiss Plaintiff's claim under § 1986.

C.    42 U.S.C. §1983

Defendants also move to dismiss Plaintiff's claim under 42 U.S.C. § 1983.  (Dkt. # 15 at 5–6.) Section 1983 provides

> Every person who, under color of any statute . . . of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotation marks omitted).

Here, Plaintiff has failed to plead any facts identifying a deprivation of a substantive right that might be vindicated pursuant to § 1983.  Even construed liberally, Plaintiff's complaint does not include any specific facts relating to these claims.  Therefore, because Plaintiff has not identified any substantive right of which she was deprived and because she may not bring a free-standing § 1983 claim, the Court **GRANTS** Defendants Swan and Scott's Motion to Dismiss this claim.

 D.  42 U.S.C. § 14141

Defendants Scott and Swan move to dismiss Plaintiff's claims under 42 U.S.C. § 14141.  (Dkt. # 15 at 5.)

Section 14141 provides:

 (a) Unlawful conduct
 It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(b) Civil Action by the Attorney General

Whenever the Attorney General has reasonable cause to believe that a violation of paragraph [(a)] has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

42 U.S.C. § 14141.  Defendants argue, and are supported by the text of the statute, that a violation of this section creates a cause of action belonging only to the Attorney General.  Therefore, the Court **GRANTS** Defendants Swan and Scott's Motion to Dismiss Plaintiff's claim under § 14141.

  E. <u>18 U.S.C. §§ 241, 242</u>

   Defendants Swan and Scott next move to dismiss Plaintiffs claims under 18 U.S.C. §§ 241, 242 because these sections are criminal in nature.  (Dkt. # 15 at 5.) Sections 241and 242 do not create civil liability.  <u>Gill v. Texas</u>, 153 Fed. App'x 261, 262 (5th Cir. 2005); <u>see also</u> <u>Willing v. Lake Orion Cmty. Sch. Bd. of Trustees</u>, 924 F. Supp. 815, 818 (E.D. Mich. 1996); <u>Agnew v. Compton</u>, 239 F.2d 226, 230 (9th Cir. 1956).  A private citizen, like Plaintiff, "has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." <u>Gill</u>, 153 F. App'x at 263 (dismissing a private plaintiff's claims under 18 U.S.C. §§ 241 and 242 as legally frivolous).  Therefore, the Court **GRANTS** Defendants Swan and Scott's Motion to Dismiss these claims.

F.    <u>Texas State Law Claims</u>

Finally, Defendants Swan and Scott move to dismiss Plaintiff's state law claims.

As a preliminary matter, Plaintiff has failed to specifically plead any state law claims.  (Compl. ¶ 20.)  Rather she makes the vague assertion that she is claiming

> violations of rights that may be protected by the laws of Texas, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

(Compl. ¶ 20.)  Although Plaintiff is pro se, and this Court construes her pleading liberally, Plaintiff has not provided any facts that would put this Court or Defendants on notice of the substance of Plaintiff's claims.  Plaintiff has not pled any facts connecting any of the Defendants to her state law claims.  Therefore, the Court **GRANTS** Defendants Swan and Scott's Motion to Dismiss these claims.

<u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** Defendants Swan and Scott's Motions to Dismiss (Dkt. ## 15, 24).  Plaintiff's First Request for Judicial Notice is **DENIED** (Dkt. # 17).  This dismissal is without prejudice and Plaintiff shall have **thirty (30) days** from the date of this Order to file an amended complaint.  Failure to file an amended complaint within that timeframe shall result in the Court dismissing this case with prejudice.

IT IS SO ORDERED.

DATED:  September 10, 2014, San Antonio, Texas.

_____
David Alan Ezra
Senior United States Distict Judge

16